UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BARR & BARR, INC. AND THE TRAVELERS
INDEMNITY COMPANY OF ILLINOIS, NOW KNOWN      Case No. 11-cv-9434
AS TRAVELERS PROPERTY CASUALTY COMPANY
OF AMERICA,

                                          Plaintiffs,      **SECOND AMENDED COMPLAINT**

                -against-

ILLINOIS UNION INSURANCE COMPANY,

                                          Defendant.
------------------------------------------------------------------X

Plaintiffs, Barr & Barr, Inc. ("Barr & Barr") and The Travelers Indemnity Company of Illinois, now known as Travelers Property Casualty Company of America ("Travelers") ("collectively, "Plaintiffs"), by their attorneys, Rivkin Radler, LLP, as and for their Second Amended Complaint herein, allege upon information and belief as follows:

### Nature of the Action

1. In this action, Plaintiffs seek a declaration that Defendant, Illinois Union Insurance Company ("ILU") is obligated to defend and to indemnify Barr & Barr in connection with an underlying action filed by Johanna Saputo against Barr & Barr and others ("underlying action"), and to reimburse Barr & Barr for past defense costs.

### The Parties

2. At all times relevant hereto, Plaintiff, Travelers, was and is a Connecticut corporation with its principal place of business located in Hartford, Connecticut.

3. At all times relevant hereto, Plaintiff, Barr & Barr was and is a New York corporation, with its principal place of business located in New York, New York.

4. At all times relevant hereto, Defendant, ILU, was and is an Illinois corporation with its principal place of business located in Chicago, Illinois.

## Jurisdiction and Venue

5. This Court has original, subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

6. There is complete diversity of citizenship between Plaintiffs and the Defendant to this action, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper pursuant to 28 U.S.C. § 1391(a).

## Insurance Policies

8. ILU issued General Liability Policy GLW-777060 to Long Island Concrete, Inc. ("LIC") for the policy period August 13, 2003 to August 13, 2004 ("ILU Policy").

9. By endorsement, Barr & Barr is an additional insured under the ILU Policy.

10. The ILU Policy contains an "other insurance" clause providing that coverage under the ILU Policy is "primary and non-contributory" for Barr & Barr, where required by contract.

11. Travelers issued General Liability Policy RTRJ-CO-2381A784-TIL-03 to Barr and Barr for the policy period April 1, 2003 to April 1, 2004 ("Travelers Policy"), subject to a $250,000 retention.

12. The Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

13. The Travelers Policy contains an "other insurance" clause making the Travelers Policy excess over the additional insured coverage available to Barr & Barr under the ILU Policy.

## Background Facts

14. Johanna Saputo ("Saputo") was allegedly injured on January 16, 2004 when she allegedly tripped on a rebar at Westchester Square Hospital ("Premises").

15. At all times relevant hereto, LIC, ILU's named insured, was a contractor performing work at the Premises in connection with a construction project ("Project").

16. Barr & Barr was the construction manager for the Project.

17. Pursuant to the contract that LIC entered into for the Project, LIC was required to obtain insurance coverage and to name Barr & Barr as an additional insured on such coverage, on a primary and non-contributory basis.

18. The ILU Policy contains an "additional insured" endorsement including as an insured any organization "as required by contract" with respect to any liability "arising out of" LIC's work.

19. Barr & Barr is an additional insured on a primary and non-contributory basis under the ILU Policy issued to LIC.

20. Pursuant to the ILU policy, ILU has a "right and duty to defend" any "suit" seeking covered damages, even if the allegations are groundless, false or fraudulent.

21. The ILU Policy generally provides coverage for "damages because of 'bodily injury' or 'property damage," that takes place during the policy period and is "caused by an 'occurrence'."

22. On or about March 15, 2006, Saputo filed the underlying action against LIC and Barr & Barr in the Supreme Court of the State of New York for the County of Bronx entitled, *Johnna Saputo v. Long Island Concrete, Inc., et al.*, under Index No. 8846/2006.

23. Saputo's complaint in the underlying action alleges that LIC was negligent, including in "permitting the [P]remises to become strewn with construction debris, including but not limited to rebar...".

24. The complaint in the underlying action seeks to hold both LIC and Barr & Barr liable for Saputo's alleged injuries.

25. Barr & Barr has and will continue to incur costs in connection with its defense in the underlying action.

### Tender to ILU

26. Barr & Barr placed ILU on notice of the accident and underlying action, and has demanded that ILU defend and indemnify Barr & Barr in connection with the underlying action.

27. To date, ILU has refused to acknowledge its additional insured obligation to Barr & Barr, and has refused to defend and to indemnify Barr & Barr in connection with the underlying action.

28. An actual controversy exists between Plaintiffs and ILU with respect to ILU's duty to defend and to indemnify Barr & Barr in connection with the underlying action.

29. Plaintiffs have no adequate remedy at law.

### Claim for Declaratory Relief Against ILU

30. Plaintiffs reallege the allegations contained in paragraph "1" through paragraph "29" as if fully set forth herein.

31. The ILU Policy was in full effect on the date of the accident.

32. All terms and conditions of the ILU Policy, including payment of premiums, have been complied with and met.

33. The accident and underlying action fall within the coverage afforded by the ILU Policy.

34. Pursuant to the ILU Policy, Barr & Barr is entitled to a full defense and indemnity from ILU in the underlying action on a primary and non-contributory basis.

### Claim for Breach of Contract Against ILU

35. Plaintiffs reallege the allegations contained in paragraph "1" through paragraph "34" as if fully set forth herein.

36. The ILU Policy was in full effect on the date of the accident.

37. The accident and underlying action fall within the coverage afforded by the ILU Policy.

38. All terms and conditions of the ILU Policy, including payment of premiums, have been complied with and met.

39. ILU is obligated to defend and to indemnify Barr & Barr in the underlying action on a primary and non-contributory basis.

40. ILU has breached its obligation to defend and to indemnify Barr & Barr by refusing to fully defend and indemnify Barr & Barr in the underlying action.

41. As a result of ILU's breach of its obligation to defend and to indemnify Barr & Barr in the underlying action, Barr & Barr has and will continue to incur expenses in its defense of the underlying action.

42. Barr & Barr has suffered and will continue to suffer on account of ILU's refusal to fulfill its obligation under the ILU Policy to defend and to indemnify Barr & Barr in the underlying action.

43.   ILU is liable for any and all damages by virtue of its breach of its obligation to defend and to indemnify Barr & Barr in the underlying action, including for past defense costs.

### Claim for Restitution Against ILU

44.   Plaintiffs reallege the allegations contained in paragraph "1" through "43" as if fully set forth herein.

45.   ILU is obligated to defend and to indemnify Barr & Barr in the underlying action on a primary and non-contributory basis.

46.   ILU has refused to fully defend and indemnify Barr & Barr in the underlying action.

47.   As a result of ILU's refusal to defend and to indemnify Barr & Barr in the underlying action, Barr & Barr has and will continue to incur expenses in its defense of the underlying action.

48.   ILU has been unjustly enriched in a sum equal to all expenditures made for the defense and/or indemnity of Barr & Barr in the underlying action.

49.   ILU is required to make restitution because ILU will otherwise be unjustly enriched.

### Claim for Contribution and/or Indemnification Against ILU

50.   Plaintiffs reallege the allegations contained in paragraph "1" through paragraph "49" as if fully set forth herein.

51.   ILU is obligated to defend and to indemnify Barr & Barr in the underlying action, on a primary and non-contributory basis.

52.   ILU has refused to fully defend and indemnify Barr & Barr in the underlying action.

53. As a result of ILU's refusal to defend and to indemnify Barr & Barr in the underlying action, Barr & Barr has and will continue to incur expenses in its defense of the underlying action.

54. ILU is liable for contribution and/or indemnification for a sum equal to all expenditures made by Barr & Barr and/or Travelers in the defense and/or indemnity of Barr & Barr in the underlying action.

## Prayer For Relief

WHEREFORE, Plaintiffs respectfully request that the Court enter a judgment as follows:

a) Declaring that ILU has a duty to defend and to indemnify Barr & Barr in the underlying action on a primary and non-contributory basis and to reimburse defense expenses;

b) Awarding Plaintiffs all damages incurred by virtue of ILU's breach of its obligation to defend and/or to indemnify Barr & Barr in the underlying action;

c) Awarding to Plaintiffs as restitution those amounts equal to all expenditures made in the defense and/or indemnity of Barr & Barr in the underlying action by virtue of ILU's unjust enrichment;

d) Awarding to Plaintiffs contribution and/or indemnification from ILU in the amounts equal to all expenditures made by Plaintiffs in defense and/or indemnity of Barr & Barr in the underlying action;

e) Awarding attorneys' fees, costs and interest, and such other and relief as this Court may deem necessary and proper.

Dated: Uniondale, New York
       May 3, 2012

                                                          RIVKIN RADLER, LLP
                                                          Attorneys for Plaintiffs
                                                          The Travelers Indemnity Company of Illinois, now known as Travelers Property Casualty Company of America and Barr & Barr, Inc.

By: _____
     Alan C. Eagle (ACE 3451)
     Carlie Fitapelli (CF 5116)

7

926 RXR Plaza  
Uniondale, NY  11556-0926  
Tel: (516) 357-3000  
Fax: (516) 357-3333  
Alan.Eagle@rivkin.com  
Carlie.Fitapelli@rivkin.com  

2553439 v3