Joseph K. Powers (JP-5504)
Christopher J. Celentano (CC-1024)
SEDGWICK LLP
125 Broad Street, 39th Floor
New York, NY 10004-2400
Tel. 212.422.0202
Fax. 212.422.0925
joseph.powers@sedgwicklaw.com
christopher.celentano@sedgwicklaw.com

*Attorneys for Illinois Union Insurance Company*

**TRIAL BY JURY IS DEMANDED**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARR & BARR, INC. and THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS, Now Known As TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiffs,<br><br>-against-<br><br>ILLINOIS UNION INSURANCE COMPANY,<br><br>Defendant. | Civil Action Number:<br>11-CV-9434 (PAE)<br><br>**ANSWER TO SECOND AMENDED COMPLAINT & AFFIRMATIVE DEFENSES** |

Defendant Illinois Union Insurance Company ("Illinois Union"), by and through its attorneys, Sedgwick LLP, as an for its Answer to the Second Amended Complaint of Plaintiffs Barr & Barr, Inc. ("Barr") and Travelers Indemnity Company of Illinois, now known as Travelers Property Casualty Company of America ("Travelers"), states as follows:

**AS TO THE NATURE OF THE ACTION**

1.  The allegations contained in paragraph "1" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies that Plaintiffs are entitled to the relief requested.

NY/858399v1

## AS TO THE PARTIES

2. Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Second Amended Complaint and thereby denies them.

3. Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Second Amended Complaint and thereby denies them.

4. Illinois Union admits the allegations contained in paragraph "4" of the Second Amended Complaint.

## AS TO JURISDICTION AND VENUE

5. The allegations contained in paragraph "5" of the Second Amended Complaint assert matters of law as to which no response is required.

6. The allegations contained in paragraph "6" of the Second Amended Complaint assert matters of law as to which no response is required.

7. The allegations contained in paragraph "7" of the Second Amended Complaint assert matters of law as to which no response is required.

## AS TO THE INSURANCE POLICIES

8. Illinois Union denies the allegations contained in paragraph "8" of the Second Amended Complaint except admits that it issued Commercial General Liability Policy No. GLW-777060-0/000 to Long Island Concrete, Inc. ("LIC") covering the period from August 13, 2003 to August 13, 2004 (the "ILU Policy").

9. The allegations contained in paragraph "9" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies them.

10. The allegations contained in paragraph "10" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies the accuracy of Plaintiffs' characterizations of the ILU Policy and respectfully refers the court to the Policy terms with respect to the rights and obligations created thereunder.

11. Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Second Amended Complaint and thereby denies them.

12. Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Second Amended Complaint and thereby denies them.

13. The allegations contained in paragraph "13" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union is without knowledge or information sufficient to form a belief as to their truth and thereby denies them.

## AS TO THE BACKGROUND FACTS

14. Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Second Amended Complaint and thereby denies them.

15. Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Second Amended Complaint and thereby denies them.

16. Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Second Amended Complaint and thereby denies them.

17. The allegations contained in paragraph "17" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union is without knowledge or information sufficient to form a belief as to their truth and thereby denies them.

18. The allegations contained in paragraph "18" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies the accuracy of Plaintiffs' characterizations of the ILU Policy and respectfully refers the court to the Policy terms with respect to the rights and obligations created thereunder.

19. The allegations contained in paragraph "19" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies them.

20. The allegations contained in paragraph "20" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies the accuracy of Plaintiffs' characterizations of the ILU Policy and respectfully refers the Court to the applicable Policy terms with respect to the rights and obligations created thereunder.

21. The allegations contained in paragraph "21" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies the accuracy of Plaintiffs'

characterizations of the ILU Policy and respectfully refers the Court to the applicable Policy terms with respect to the rights and obligations created thereunder.

22. Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Second Amended Complaint and thereby denies them.

23. The allegations contained in paragraph "23" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies the accuracy of Plaintiffs' characterizations of the allegations of the complaint in the *Saputo* Action and respectfully refers the court to the subject complaint with respect to the allegations made therein.

24. The allegations contained in paragraph "24" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies the accuracy of Plaintiffs' characterizations of the allegations of the complaint in the *Saputo* Action and respectfully refers the court to the subject complaint with respect to the allegations made therein.

25. Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Second Amended Complaint and thereby denies them.

### AS TO THE TENDER TO ILU

26. Illinois Union denies the allegations contained in paragraph "26" of the Second Amended Complaint.

27. The allegations contained in paragraph "27" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are

deemed to allege matters of fact, Illinois Union denies that it has any obligation to defend or indemnify Barr in the *Saputo* Action.

28. The allegations contained in paragraph "28" of the Second Amended Complaint assert matters of law as to which no response is required.

29. The allegations contained in paragraph "29" of the Second Amended Complaint assert matters of law as to which no response is required.

### AS TO THE CLAIM FOR DECLARATORY RELIEF AGAINST ILU

30. Illinois Union repeats and reiterates each of its response to paragraphs "1" through "29" of the Second Amended Complaint as if set forth herein at length.

31. The allegations contained in paragraph "31" of the Second Amended Complaint assert matters of law as to which no response is required.

32. The allegations contained in paragraph "32" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies them as to Barr.

33. The allegations contained in paragraph "33" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies them as to Barr.

34. The allegations contained in paragraph "34" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies them.

### AS TO THE CLAIM FOR BREACH OF CONTRACT AGAINST ILU

35. Illinois Union repeats and reiterates each of its response to paragraphs "1" through "34" of the Second Amended Complaint as if set forth herein at length.

36. The allegations contained in paragraph "36" of the Second Amended Complaint assert matters of law as to which no response is required.

NY/858399v1

37. The allegations contained in paragraph "37" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies them as to Barr.

38. The allegations contained in paragraph "38" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies them as to Barr.

39. The allegations contained in paragraph "39" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies them.

40. The allegations contained in paragraph "40" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies them.

41. The allegations contained in paragraph "41" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies them.

42. The allegations contained in paragraph "42" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies them.

43. The allegations contained in paragraph "43" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies them.

NY/858399v1

## AS TO THE CLAIM FOR RESTITUTION AGAINST ILU

44. Illinois Union repeats and reiterates each of its response to paragraphs "1" through "43" of the Second Amended Complaint as if set forth herein at length.

45. The allegations contained in paragraph "45" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies them.

46. The allegations contained in paragraph "46" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union states that it had no duty to defend or indemnify Barr in the *Saputo* Action.

47. The allegations contained in paragraph "47" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies them.

48. The allegations contained in paragraph "48" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies them.

49. The allegations contained in paragraph "49" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies them.

## AS TO THE CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION AGAINST ILU

50. Illinois Union repeats and reiterates each of its response to paragraphs "1" through "49" of the Second Amended Complaint as if set forth herein at length.

NY/858399v1

51. The allegations contained in paragraph "51" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies them.

52. The allegations contained in paragraph "52" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union states that it had no duty to defend or indemnify Barr in the *Saputo* Action.

53. The allegations contained in paragraph "53" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies them.

54. The allegations contained in paragraph "54" of the Second Amended Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies them.

**FIRST AFFIRMATIVE DEFENSE**

The Second Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

In order for a purported additional insured such as Barr to obtain coverage under the ILU Policy as an additional insured, Barr must see to it that Illinois Union is notified as soon as practicable of an occurrence which may result in a claim and must provide certain particulars to Illinois Union as set forth in the ILU Policy. Upon information and belief, Barr learned of the accident giving rise to the *Saputo* Action on January 16, 2004, the date it occurred. Notice of the occurrence was not provided to Illinois Union on behalf of Barr until on or about November 22,

NY/858399v1

2004, over ten months later. Accordingly, Plaintiffs' claims for additional insured status for Barr under the ILU Policy are barred by late notice.

### THIRD AFFIRMATIVE DEFENSE

Barr is not a named insured or an additional insured under the ILU Policy and is not entitled to coverage under the ILU Policy for the *Saputo* Action.

### FOURTH AFFIRMATIVE DEFENSE

Illinois Union's coverage obligations are governed by the terms and conditions of the ILU Policy, irrespective of any terms contained in any other contract or agreement.

### FIFTH AFFIRMATIVE DEFENSE

Under the terms of the Additional Insured Endorsement in the Illinois Union Policy, coverage for additional insureds only applies where the coverage is required by a contract that was executed prior to the loss, and then, only with respect to liability of such additional insured arising out of the work of LIC for that additional insured. The bodily injury claim for which recovery is sought in the *Saputo* Action is not alleged to have arisen out of the work of LIC for Barr and, upon information and belief, did not arise out of such work. Therefore Barr is not entitled to coverage as an additional insured under the ILU Policy with respect to either defense or indemnity.

### SIXTH AFFIRMATIVE DEFENSE

Under the terms of the Additional Insured Endorsement in the Illinois Union Policy, coverage for additional insureds only applies where the coverage is required by a contract that was executed prior to the loss, and then, only with respect to liability of such additional insured arising out of the work of LIC for that additional insured.

Plaintiffs have failed to demonstrate that the rebar rod over which the plaintiff in the *Saputo* Action allegedly tripped was installed by LIC pursuant to a contract that was executed

10

NY/858399v1

prior to the loss that required LIC to name Barr as an additional insured on its CGL policy. Therefore Barr is not entitled to coverage as an additional insured under the ILU Policy.

### SEVENTH AFFIRMATIVE DEFENSE

The claims asserted against Barr in the *Saputo* Action fall outside of, or are otherwise defeated by, the terms, conditions, limitations and exclusions of the ILU Policy.

### EIGHTH AFFIRMATIVE DEFENSE

Illinois Union had no duty to defend Barr with respect to the claims asserted against it in the *Saputo* Action and has no duty to indemnify them with respect to any judgment or settlement entered in that action.

### NINTH AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to allege the circumstances relating to the underlying claims in the *Saputo* Action with sufficient particularity to enable Illinois Union to determine whether it may have additional defenses in this action and Illinois Union reserves the right to assert such additional defenses as are ascertained through discovery.

### TENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by the doctrines of equitable estoppel, judicial estoppel, waiver, laches, and unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Under CPLR § 213(2), the applicable statute of limitations for an action upon a contractual obligation is six years. By a letter dated November 5, 2004, Plaintiffs tendered the defense and indemnity of Barr to Illinois Union. On November 24, 2004, Illinois Union disclaimed coverage to Barr under the Policy. Plaintiffs commenced this action on December 22, 2011, more than six years after the purported anticipatory breach of contract by Illinois Union. Accordingly, Plaintiffs' claims are barred by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

The ILU Policy contains a No Action Condition stating that no person has a right under the Coverage Part to sue Illinois Union under the Coverage Part unless all of its terms have been fully complied with. Upon information and belief, Barr failed to comply with the timely notice conditions of the ILU Policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

The coverage afforded by the ILU Policy is or may be excess of other applicable insurance or such other applicable insurance may be required to share in any covered loss.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that the Second Amended Complaint seeks declaratory judgment relating to any obligations of Illinois Union to indemnify Barr under the ILU Policy, such claims are not ripe for disposition in that they request an advisory opinion as to a future contingent liability.

## FIFTEENTH AFFIRMATIVE DEFENSE

Illinois Union issued Commercial General Liability Policy No. GLW 777060-0/000 to LIC covering the period from August 13, 2003 to August 13, 2004. The ILU Policy, as amended by the Amendment – Aggregate Limits of Insurance (Per Project) Endorsement, affords Commercial General Liability Coverage up to an Each Occurrence Limit of $1,000,000 and a General Aggregate Limit of $2,000,000 per Project. The coverage is subject to a deductible for Bodily Injury Liability and/or Property Damage Combined of $5,000 per occurrence.

## SIXTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs' claims for contribution against Illinois Union are barred by General Obligations Law, § 15-108(c).

NY/858399v1

WHEREFORE, Defendant Illinois Union Insurance Company requests entry of a judgment declaring that it has no obligation to defend or indemnify Barr in the *Saputo* Action, no obligation to indemnify Barr or Travelers for any defense costs they have incurred in the *Saputo* Action, and no obligation to indemnify Barr or Travelers for the cost of any settlement incurred in the *Saputo* Action or any judgment entered against Barr in such action, denying all relief requested by Plaintiffs in their Second Amended Complaint, dismissing the Second Amended Complaint with prejudice, and awarding Illinois Union Insurance Company its costs, disbursements and attorney's fees, together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       May 22, 2012

> Respectfully submitted,
>
> SEDGWICK LLP
>
> By:     /s/ Joseph K. Powers
>       Joseph K. Powers (JP-5504)
>       Christopher J. Celentano (CC-1024)
>
> 125 Broad Street, 39th Floor
> New York, New York 10004-2400
> Telephone: (212) 422-0202
> Facsimile: (212) 422-0925
>
> *Attorneys for Defendant*
> *Illinois Union Insurance Company*

NY/858399v1

## CERTIFICATE OF SERVICE

I, JOSEPH K. POWERS, HEREBY CERTIFY that on May 22, 2012, a copy of the foregoing Answer and Affirmative Defenses to the Second Amended Complaint was served using the Court's CM/ECF system, with electronic notice of such filing on, to:

>Alan C. Eagle
>Carlie Fitapelli
>RIVKIN RADLER, LLP
>*Attorneys for Plaintiffs*
>*Barr & Barr, Inc. and*
>*The Travelers Indemnity Company of Illinois*
>*Now known as*
>*Travelers Property Casualty Company of America*
>926 RXR Plaza
>Uniondale, New York 11556-0926
>Alan.Eagle@rivkin.com
>Carlie.Fitapelli@rivkin.com

>/s/ Joseph K. Powers
>Joseph K. Powers (JP-5504)